# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 08-786V
Filed: August 8, 2014

* * * * * * * * * * * * * * * * * * * * * * * *

JOHN GERARD,                             *                    **UNPUBLISHED**
                                         *
                 Petitioner,            *
                                         *
                                         *                    Special Master Dorsey
v.                                       *
                                         *                    Motion for Reconsideration
SECRETARY OF HEALTH                      *                    of Ruling Regarding
AND HUMAN SERVICES,                      *                    Findings of Fact; Influenza
                                         *                    Vaccine (Flu); Guillain-Barre
                 Respondent.            *                    Syndrome (GBS)
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *

Franklin John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Michael Patrick Milmoe, United States Department of Justice, Washington, DC, for Respondent.

## ORDER GRANTING MOTION FOR RECONSIDERATION AND RULING REGARDING FINDING OF FACT[1]

On November 3, 2008, John Gerard ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[2] (the "Program"). Petitioner alleged that, as a result of receiving an influenza ("flu") vaccination in October or November of 2005, he developed Guillain-Barré Syndrome ("GBS") on November 14, 2005. See Petition (Pet.) at 1. Respondent's report filed pursuant to Vaccine Rule 4(c) noted that a vaccination record was not

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this order on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter Vaccine Act or the Act). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

filed and petitioner had not submitted sufficient documentation to substantiate his claim that he received a flu vaccination as alleged.  Respondent's Rule 4 Report ("Resp't's Rep't") at 2.

Petitioner filed a motion requesting a ruling that he received the flu vaccine as alleged in his petition.  <u>See</u> Petitioner's Renewed Motion for a Finding that Petitioner Received the Influenza Vaccine on November 11, 2005, and Memorandum of Law Regarding Evidence of Vaccine Receipt ("Pet'r's Motion"), filed September 22, 2011.  Petitioner argued that the evidence presented was sufficient to conclude that it was more likely than not he received the flu vaccine on or about November 11, 2005.  <u>Id</u>. at 10.  Respondent filed a response to petitioner's motion on October 24, 2011.  Respondent's Opposition to Petitioner's Renewed Motion for a Factual Finding ("Resp't's Opposition").  Respondent maintained that petitioner's claim was unsubstantiated by any medical records or opinions.  <u>Id</u>. at 3.

The special master previously assigned to this case held a fact hearing on May 21, 2013.  Transcript ("Tr.") at 1.  On September 23, 2013, the case was reassigned to the undersigned.  <u>See</u> Order, dated September 23, 2013.  On December 16, 2013, the undersigned issued a fact ruling stating that based on a review of the record as a whole, "a preponderance of the evidence d[id] not support a finding that petitioner received an influenza vaccine prior to the onset of his GBS on November 14, 2005."  Ruling Regarding Fact Finding ("Ruling") at 2.

On May 5, 2014, petitioner filed a Motion for Reconsideration[3] of the Ruling ("Motion for Reconsideration") in which he conceded that it was doubtful that the undersigned ignored evidence, but instead alleged that the undersigned erred in interpreting multiple medical chart notes.  Motion for Reconsideration at 1-2.  Petitioner also contended that the undersigned ignored testimony given by petitioner's coworker, Scott Perley, who was allegedly present at the time petitioner received the flu vaccination at issue.  <u>Id</u>.  Petitioner requested and was granted the opportunity to file additional medical records in support of the Motion for Reconsideration.  <u>See</u> Order, dated April 15, 2014.  Petitioner filed four additional exhibits of medical records, as petitioner's exhibits 16 through 19.

Respondent filed a response to the Motion for Reconsideration on June 16, 2014, arguing that petitioner did not meet any of the necessary criteria for reconsideration.  Respondent's Response to Petitioner's Motion for Reconsideration (Resp't's Response) at 3.

The matter is now ripe for adjudication.

---

[3] Vaccine Rule 10(e) governs motions for reconsideration and provides that a motion for reconsideration must be filed "within 21 days after the issuance of a decision, if judgment has not been entered…"  Procedurally, the ruling, which is the subject of this motion, is not a "decision" and thus, judgment has not been entered.  The undersigned conducted a status conference with the parties and issued an order on February 4, 2014, granting petitioner's request to file a motion for reconsideration and setting a specific deadline of March 6, 2013, for the motion to be filed.  Several enlargements of time were requested by petitioner and granted.  Petitioner filed the motion for reconsideration on May 15, 2014.

## I.     The Applicable Legal Standards

Under the Vaccine Act, petitioner must first prove by a preponderance of the evidence that he "received a vaccine set forth in the Vaccine Injury Table." § 300aa-11(c)(1)(A).  The preponderance of the evidence standard means a fact is more likely than not.  Moberly v. Sec'y of Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010).  Although contemporaneous documentation of vaccination from a health care provider is the best evidence, its production is not an absolute requirement.  See Centmehaiey v. Sec'y of Health & Human Servs., 32 Fed. Cl. 612, 621 (1995) ("The lack of contemporaneous, documentary proof of a vaccination . . . does not necessarily bar recovery.")  Thus, special masters have found in favor of vaccine administration where contemporaneous documentation of vaccination is unavailable as long as other forms of evidence have provided preponderant evidence of vaccination administration.  For example, corroborative, though retrospective, medical notations have been found to provide preponderant evidence of vaccine administration.  See Wonish v. Sec'y of Health & Human Servs., No. 90-667V, 1991 WL 83959, at *4 (Cl. Ct. Spec. Mstr. May 6, 1991) (finding parental testimony "corroborated strongly by medical records [referring] back to the [vaccination]" to be sufficient to establish vaccine administration); Groht v. Sec'y of Health & Human Servs., No. 00-287V, 2006 WL 3342222, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2006) (finding a treating physician's note "4/30/97-Hep B. inj. # 1 (not given here) ([patient] wanted this to be charted)" to be sufficient proof of vaccination); Lamberti v. Sec'y of Health & Human Servs., No. 99-507V, 2007 WL 1772058, at *7 (Fed. Cl. Spec. Mstr. May, 31, 2007) (finding multiple medical record references to vaccine receipt to constitute preponderant evidence of administration).

A party seeking reconsideration "must support the motion by a showing of extraordinary circumstances which justify relief."  Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999).  The motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'"  Prati v. United States, 82 Fed. Cl. 373, 376 (2008) (quoting Fru-Con Constr. Corp., 44 Fed. Cl. at 300).  "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice."  Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citing Griswold v. United States, 61 Fed. Cl. 458, 460-61 (2004)).

## II.     Evaluating the Evidence

In the Motion for Reconsideration, petitioner admitted that it was "doubtful that the Court ignored evidence" but argues that there are "two key pieces of evidence…which…suggests the Court erred in finding that the vaccination was not administered as alleged on November 11, 2005."  Motion for Reconsideration at 1.  These two key pieces of evidence include multiple medical records indicating that petitioner had an "allergic reaction to the flu shot in the form of GBS" and "the testimony of Scott Perley."  Id. at 1-2.  Petitioner further argues that any inconsistencies in the medical record notes should be disregarded in favor of other records that

3

do mention his allergy to the influenza vaccine.  Motion for Reconsideration at 14.  In his motion for reconsideration, petitioner also states that the testimony of his coworker, Scott Perley, who was allegedly present when petitioner received the influenza vaccine, should have been credited. Id.

Having reviewed petitioner's arguments and the newly submitted evidence, the undersigned finds that petitioner has made the requisite showing under Matthews, supra. Accordingly, in order to prevent a potential "manifest injustice," the undersigned has evaluated petitioner's reconsideration motion on its merits and GRANTS it.  The undersigned agrees with petitioner and concludes that the numerous entries in the medical records, while inconsistent, could be interpreted as suggested by petitioner.  That conclusion, in addition to the testimony by Mr. Perley, tips the scale in favor of a finding for petitioner.

III.    **Conclusion**

The undersigned has carefully reviewed the Motion for Reconsideration, Resp't's Response, and petitioner's additional exhibits.  Based on the record as a whole, the undersigned finds that petitioner has shown by a preponderance of the evidence that petitioner received an influenza vaccine on or about November 11, 2005.  Accordingly, the undersigned finds that the influenza vaccine was administered to petitioner on or about November 11, 2005.  Respondent is hereby ORDERED to file a status report by September 12, 2014, stating whether she wishes to engage in settlement negotiations, and, if she does not, that she propose a scheduling order for expert reports.

Any questions regarding this Ruling may be directed to my law clerk, Francina Segbefia, at (202)357-6358 or Francina_Segbefia@ao.uscourts.gov.

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

4