# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Case No. 08-786V
**Filed:  August 18, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JOHN GERARD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reasonable Amount Requested to which |
| | * | Respondent Does not Object. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

F. John Caldwell, Jr., Maglio Christopher & Toale, Sarasota, FL, for petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC, for respondent.

### ATTORNEYS' FEES AND COSTS DECISION[1]

On November 3, 2008, John Gerard ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that he developed Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on November 11, 2005.  See Petition at 1.  On August 14, 2015, the undersigned

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

entered a decision awarding compensation to petitioner based on a joint stipulation filed by the parties.

On August 17, 2015, the parties filed a stipulation concerning attorneys' fees and costs. The parties stipulate to a total award of attorneys' fees and costs in the amount of $82,460.65. In accordance with General Order #9, petitioner's counsel represents that petitioner did not personally incur any costs in pursuit of his claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**in the form of a check jointly payable to petitioner and to petitioner's attorney, F. John Caldwell, Jr., of the law firm Maglio Christopher & Toale, in the amount of $82,460.65.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

   **IT IS SO ORDERED.**

                             **s/Nora Beth Dorsey**
                             Nora Beth Dorsey
                             Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.